IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARNULFO SANCHEZ-HERNANDEZ, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 16-9025 (JBS) |
| UNITED STATES OF AMERICA, | |
| Respondent. | **OPINION** |

APPEARANCES:

Arnulfo Sanchez-Hernandez, Petitioner Pro Se
# 24288-057
FCI Fort Dix
5851
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
EAST: P.O. BOX 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Arnulfo Sanchez-Hernandez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1.

1. Petitioner is serving a sentence out of the Middle District of North Carolina after pleading guilty to conspiring to distribute cocaine hydrochloride, 21 U.S.C. § 826, and to possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). *Id.* ¶ 4; Brief in Support at 23.

*See* Judgment of Conviction, *United States v. Sanchez-Hernandez*, No. 1:08-0412-2 (M.D.N.C. June 18, 2009).[1]

2. Petitioner challenged his conviction and sentence in two unsuccessful motions under 28 U.S.C. § 2255, one of which included a claim raised under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petition ¶¶ 7-8.

3. Petitioner now appears to challenge the validity of his guilty plea, arguing he is actually innocent of the charges due to the Supreme Court's decisions in *Watson v. United States*, 552 U.S. 74 (2007) (holding "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs") and *McFadden v. United States*, 135 S. Ct. 2298 (2015) (holding government must prove defendant knew substance was a controlled substance under federal law in order to convict of distributing controlled substance). He also requests a writ of error coram nobis.

4. Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as*

---

[1] The Court takes judicial notice of this public record.

*amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

5.  Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

6.  "A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the validity of his conviction or sentence." *Upshaw v. Warden Lewisburg USP*, 634 F. App'x 357, 358 (3d Cir.) (quoting 28 U.S.C. § 2255(e)), *cert. denied sub nom Upshaw v. Ebbert*, No. 15-9375, 2016 WL 2928201 (U.S. June 27, 2016). *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). "A court may not entertain a habeas petition under § 2241 made by a federal prisoner 'in custody under sentence of a [federal] court . . . unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the prisoner's] detention.'" *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017) (quoting 28 U.S.C. § 2255) (alterations and omission in original).

7.  To date, the Third Circuit has only applied the § 2255(e) exception "where the conduct that forms the basis for

the conviction has since been deemed non-criminal by an intervening Supreme Court decision that was unavailable on appeal or during § 2255 proceedings." *Upshaw*, 634 F. App'x at 358 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

8.    Although somewhat unclear, Petitioner appears to argue that he falls within the *Dorsainvil* exception because his actions do not satisfy § 924(c)'s use element after the Supreme Court's *Watson* decision:

> Petitioner arrest did not have him in POSSESS a Firearm or "USE" a Firearm during him Arrest or Trafficking Drug, [sic] the Government only argues Standard evidence in his Sentencing hearing, Petitioner asserts that, the Government did not has [sic] Sufficient Proof to he has in Possession [sic] a Firearm during and trafficking drug crime. Petitioner said the Government Obtaining all Firearms into of Brother house and not into of his house room, Petitioner during the arrest the Agents did not obtaining nothing of a Firearm in other house Owner's diferents [sic], Petitioner to Participate a minor role into the Conspiracy, the brother is who is the owner of all firearms and who manager and supervizer [sic] the drug and firearms.

Brief in Support at 7. He further cites *Bailey v. United States*, which held that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant[.]" 516 U.S. 137, 143 (1995) (emphasis in original). *See* Brief in Support at 8-9.

9.    Petitioner's argument that his actions do not satisfy the "use" element of § 924(c) is one that could have been raised

in a challenge to the validity of his guilty plea on direct appeal or in his § 2255 motions. Petitioner pled guilty in 2009, after the *Bailey* and *Watson* cases had been decided by the Supreme Court in 1995 and 2007, respectively. Therefore, there is no *intervening* Supreme Court case rendering his conduct non-criminal. *See Upshaw*, 634 F. App'x at 358; *Dorsainvil*, 119 F.3d at 251–52. Section 2255 is not ineffective or inadequate to raise this claim, and the Court therefore lacks jurisdiction under § 2241.

10. Petitioner also briefly asserts that the "Government failed to prove he knew that he Possessed element of Controlled Substance listed on the sch[e]dules, even if he did not know w[h]ich Substance it was or by establishing that the defendant's knew the identity of Substance he Possessed, the For that the [sic] Petitioner is actually innocent of conviction for quantity 5 kilograms of Cocaine . . . because drug substance type anf [sic] quantity were not part of the charge of the offense." Brief in Support at 13.

11. The indictment charged Petitioner with "knowingly, intentionally and unlawfully distribut[ing] 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II, controlled substance . . . ." Indictment, *United States v. Sanchez-Hernandez*, No. 1:08–

0412-2 (M.D.N.C. Oct. 28, 2008).[2] The indictment stated on its face that Petitioner knowingly participated in the distribution of mixture containing a Schedule II substance, and Petitioner pled guilty to this charge. Assuming arguendo Petitioner may bring a *McFadden* claim under § 2241, he would not be entitled to relief because the charge to which he pled guilty clearly set forth the required state of mind as well as the quantity and kind of controlled substance. A challenge to the validity of the guilty plea must be raised in the district of conviction.

12. Finally, Petitioner is not entitled to a writ of error coram nobis. "The writ of error coram nobis is a limited remedy: '[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.'" *United States v. Contant*, No. 16-3665, 2017 WL 527897, at *2 (3d Cir. Feb. 9, 2017) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)) (alteration in original).

13. "[C]oram nobis may be used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *Id.* (internal citation

---

[2] The Court takes judicial notice of this public record.

omitted). Petitioner is still in the custody of the Federal
Bureau of Prisons and does not satisfy this "threshold
eligibility requirement." *Id.* Therefore there are no exceptional
circumstances warranting coram nobis relief.

14. Whenever a civil action is filed in a court that lacks
jurisdiction, "the court shall, if it is in the interests of
justice, transfer such action ... to any other such court in
which the action ... could have been brought at the time it was
filed." 28 U.S.C. § 1631.

15. In this case, the Court does not find it in the
interests of justice to transfer this habeas petition to the
Fourth Circuit as it does not appear Petitioner can meet the
requirements for filing a second or successive § 2255 motion as
set forth in § 2255(h). However, this Court's decision to not
transfer this case does not prevent Petitioner from seeking
leave from the Fourth Circuit, *see* 28 U.S.C. § 2244(a), should
he elect to do so.

16. To the extent a certificate of appealability is
required, the Court declines to issue one as reasonable jurists
would agree that the Court lacks jurisdiction over Petitioner's
*Watson* claim, that he has not established a denial of a
constitutional right, and that he is not entitled to a writ of
error coram nobis.

17.  An appropriate order follows.




**April 13, 2017**
Date                                              **s/ Jerome B. Simandle**
                                                  JEROME B. SIMANDLE
                                                  Chief U.S. District Judge